AO 106 (Rev. 04/10)  Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the

District of Montana

**FILED**

APR 2 0 2017

Clerk, U S Courts
District Of Montana
Great Falls Division

In the Matter of the Search of

*(Briefly describe the property to be searched*
*or identify the person by name and address)*

Storage Unit #33 of the Evergreen Storage Units and
Apartment Rentals, located at 2531 Vaughn Road, Great
Falls, MT, more fully described in Attachment A:

)
)
)
)
)
)
)

Case No.  MJ 17-22-GF-JTJ

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
Storage Unit #33 of the Evergreen Storage Units and Apartment Rentals, located at 2531 Vaughn Road, Great Falls, MT, more fully described in Attachment A, incorporated herein by reference.

located in the _____State and_____ District of _____Montana_____ , there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. Sections 841, 843, and 846; 18 U.S.C. Sections 922(g), 924(c), 1956, and 1957 | Conspiracy and possession with intent to distribute methamphetamine; use of wire facilities; conspiracy to commit money laundering; possessing and brandishing firearms in furtherance of drug trafficking crimes; felon in possession of firearms. |

The application is based on these facts:
See Attached Affidavit (Attachment C), incorporated herein by reference.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

HSI SA Jason Laws
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  _____04/20/2017_____

_____
*Judge's signature*

City and state:  Great Falls, Montana

John T. Johnston, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

The place to be searched is described as storage unit #33, of the Evergreen Storage Units and Apartments, located at 2531 Vaughn Road, Great Falls, MT.

The storage units are located on the North side of Vaughn Road and there is a sign on display as in the parking lot that clearly reads "Evergreen Storage Units and Apartment Rentals, 452-0312 or 590-0077". The main office building is located across the parking lot from the row of storage units and has the numbers "2513 clearly visible on the outside.

The row of storage units are meatal sided, beige in color, with a white metal roof and white colored roll-up style doors facing out into the parking lot.

Storage Unit #33 has the numbers "33" clearly visible on the front of the door. There is a padlock on the door.







## ATTACHMENT B

This warrant is to search and seize property located in storage unit #33, located at Evergreen Storage Units and Apartment Rentals, located at 2531 Vaughn Road, Great Falls, Montana, which is more fully described in Attachment A, and all property belonging or under the control of Leonard James STANG and Robert David LINN, Jr.  This warrant includes records and materials in evidence of violations of 21 U.S.C. § 841, possession with the intent to distribute heroin and methamphetamine, and distribution of heroin and methamphetamine; 21 U.S.C. § 843(b), use of a communication facility to facilitate a felony; 21 U.S.C. § 846, conspiracy to possess with the intent to distribute heroin and methamphetamine; 18 U.S.C. §§ 1956 and 1957, money laundering and conspiracy to commit money laundering; 18 U.S.C. § 922(g)(1), felon in possession of a firearm; and 18 U.S.C. § 924(c), possessing or brandishing a firearm in furtherance of a drug trafficking crime.  The property to be searched and seized is more specifically described below:

    a. Suspected illegal controlled substances and drug paraphernalia; materials for packaging, manufacturing, consuming, storing, concealing, cutting, weighing, possessing, and/or distributing controlled substances including, but not limited to, mirrors, vials, inhaling devices, syringes, needles, spoons, pipes, chemicals and precursors to manufacture controlled

1

substances, cooking instruments, tubing, piping, glass or plastic containers, strainers or separators and heating elements, and papers, ledgers, notes, books, receipts or other records; telephone or other address books; documents, letters and other writing tending to identify the defendant(s) in association with other controlled substance manufacturers or conspirators; monies, whether cash or currency; receipts; weapons; videotape or digital recordings; scales, sifters, and measuring devices, all of which are related to manufacture and distribution of controlled substances;

b. Books, records, receipts, notes, ledgers, and other papers relating to the manufacturing, transportation, ordering, purchasing, trafficking, possession and/or distribution of controlled substances;

c. Records of travel, to include papers, tickets, maps, notes, schedules, credit card receipts, and other receipts and/or items relating to foreign or domestic travel;

d. Addresses and/or telephone books and papers reflecting names, addresses, and/or telephone numbers including, but not limited to, names of, addresses for, and /or telephone numbers of co-conspirators and/or persons to whom dangerous drugs have been delivered to or obtained from;

e. Documents and/or papers which may aid in the identification and location of customers, suppliers, and/or co-conspirators;

f. Electronic beepers, cellular telephones, smartphones, and/or other electronic means for the transmission of telephonic or text messaging, which drug traffickers utilize as a means of communications to facilitate drug transactions with their customers and/or suppliers;

   a. Note that this provision provides for law enforcement to seize said devices but not search them without an additional warrant.

g. Records of drug transactions including lists of customers and suppliers, lists of expenses and payments, and lists of prices of dangerous drugs;

h. Books, records, receipts, bank statements and records, money, drafts, letters of credit, wire transfers, money orders and/or cashier check receipts, passbooks, bank checks, and other items evidencing the obtaining, secreting, transfer, trading and/or concealment of assets and/or the expenditure of money;

i. Proceeds of sales of dangerous drugs, to include, United States currency, precious metals, jewelry, and financial instruments including but not limited to, stocks and bonds, or anything else of value furnished or intended to be furnished in the exchange of controlled substances;

3

j.  Photographs and/or video or digital recordings of co-conspirators, of assets, and/or controlled substances relating to the possession and distribution of methamphetamine;

k.  Indicia of the rental agreement as described in the search warrant to include, but not limited to, receipts, registration, proof of insurance, vehicle title, keys, and/or personal items of identification;

l.  Documents which may aid in the identification of and/or the current location of controlled substances and/or proceeds from drug transactions to include but not limited to, safety deposit box records, storage unit receipts and rental agreements;

m.  Any computer software or hardware which may contain information in the place of written documents;

   a.  Note that this provision provides for law enforcement to seize said devices but not search them without an additional warrant.

n.  Weapons, to include firearms, knives, explosives, and/or any other item which may be used to protect and/or guard controlled substances, proceeds of drug transactions, and/or the personal security of the drug traffickers themselves, including indicia of firearms possession including, but not limited to, ammunition, shell casings, ammunition boxes, targets, gun cleaning supplies, and holsters;

4

o.  Safes, lockboxes, tool boxes, fireproof boxes, backpacks, suitcases, briefcases, money bags, bank bags, duffel bags, coolers, or purses that contain evidence relating to possession and distribution of methamphetamine and heroin.

p.  Other merchandise, new or used, identified as having been previously stolen.

## ATTACHMENT C

## AFFIDAVIT

I, Jason Laws, being duly sworn, depose and state that I am a sworn Special Agent with the Department of Homeland Security, Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), duly appointed according to the law and acting as such.  Upon my information and belief, storage unit #33 of the Evergreen Storage Units and Apartment Rentals, located at 2531 Vaughn Road, Great Falls, Montana, was utilized by Robert David LINN Jr. and Leonard STANG, to possess and distribute controlled substances, namely but not limited to methamphetamine and heroin, as well as firearms, monetary instruments and stolen merchandise.  The property to be searched is storage unit # 33 of the Evergreen Storage Units and Apartment Rentals, located at 2531 Vaughn Road, Great Falls, Montana, 59404.

Investigators have probable cause to believe the storage unit was used in a conspiracy to possess with intent to distribute or distribute controlled substances such as, but not limited to, methamphetamine in violation of Title 21 U.S.C. §§ 846 and 841 (a)(1); the use of wire facilities to facilitate distribution of narcotics in violation of Title 21 U.S.C. § 843(b); money laundering and conspiracy to do the same in violation of 18 U.S.C. §§ 1956 and 1957; felon in possession of a firearm in violation of Title 18 U.S.C. § 922(g)(1); and the use of a firearm in furtherance

1

of federal crime of violence (drug trafficking) in violation of Title 18 U.S.C. § 924(c)(1)(A).

I am submitting this Affidavit under Rule 41 of the Federal Rules of Criminal Procedure in support of an Application for a Search Warrant authorizing the search of the aforementioned storage unit for which a receipt of payment exists in the name of James STANG – further described as storage unit # 33, of the Evergreen Storage Units and Apartment Rentals, located at 2531 Vaughn Road, Great Falls, Montana, 59404.

The purpose of this application is to seize evidence, more particularly described in Attachment B, of violations of Title 21 U.S.C. §§ 846 and 841(a)(1); the use of wire facilities to facilitate distribution of narcotics in violation of Title 21 U.S.C. § 843(b); money laundering and conspiracy to do the same in violation of 18 U.S.C. §§ 1956 and 1957; felon in possession of a firearm in violation of Title 18 U.S.C. § 922(g)(1); and the use of a firearm in furtherance of federal crime of violence (drug trafficking) in violation of Title 18 U.S.C. § 924(c)(1)(A).

The source of your Affiant's information and the grounds for his belief are as follows:

1.      Specifically, I have conducted and assisted with investigations related to the manufacture, smuggling and distribution of controlled substances and the

2

subsequent illicit transfer and laundering of the proceeds derived from the sale of the controlled substances. I have also participated in numerous narcotics investigations which have resulted in the seizure of large quantities of methamphetamine and heroin. I am familiar with and have participated in all of the normal methods of investigation, including but not limited to visual surveillance, questioning of witnesses, the use of search and arrest warrants, the use of informants, the use of pen registers, the utilization of undercover agents, and the use of Grand Jury, and the use of court authorized wire and electronic interceptions. Additionally, I have consulted with other Agents who have been involved in similar investigations. I am familiar with all aspects of this investigation.

2.      This Affidavit is being submitted for the purpose of securing authorization to search storage unit # 33 of the Evergreen Storage Units and Apartment Rentals, located at 2531 Vaughn Road, Great Falls, Montana, 59404 for which a receipt of payment exists in the name of James STANG. I have set forth only the facts I believe are necessary to establish the foundation for an order authorizing the search of the storage unit.

3.      Beginning in December 2015, members of HSI Great Falls, and the Russell Country Drug Task Force (RCDTF) in Great Falls initiated an

3

investigation involving a drug trafficking organization (DTO) operating in Great Falls, Montana; and Billings, Montana and various locations throughout Montana.

4.     On February 22, 2017, United States District Court Judge for the District of Montana Brian M. Morris signed an order Authorizing the Interception of Wire and Electronic Communications to and from Cellular Telephone Number (406) 403-3383 (Target Telephone #1).

5.     On March 14, 2017, United States District Court Judge for the District of Montana Brian M. Morris signed an order Authorizing the Interception of Wire and Electronic Communications to and from Cellular Telephone Number (406) 861-5088 (Target Telephone #2).

6.     On April 4, 2017, United States District Court Judge for the District of Montana Brian M. Morris signed an order Authorizing the Intercept of Wire and Electronic Communications to and from Cellular Telephone Number (406) 208-2106 (Target Telephone #3).

7.     Target Telephones #1, 2, and 3 are known by investigators to be phones previously used by Robert David LINN, Jr., who has been identified, and subsequently arrested, as one of the primary targets of this drug trafficking organization.

8.     On April 7, 2017, agents intercepted a call over TT3, wherein LINN discussed how much methamphetamine had been shipped to him from his source

4

in Arizona. The call described LINN receiving approximately 30 pounds of methamphetamine. Agents later identified the methamphetamine was shipped from Arizona through Federal Express.

9.      On April 8, 2017, United States Magistrate Judge for the District of Montana, John T. Johnston, signed a Search Warrant authorizing the search of a residence located at 1257 6th Avenue Northwest, Great Falls, Montana, belonging to Robert Linn, Sr., the father of Robert LINN, Jr. (17-15-GF-JTJ).

10.     On April 8, 2017, your affiant and other HSI Agents arrested Robert LINN Jr. after he arrived at his parent's home located at 1257 6th Avenue Northwest, Great Falls, Montana.

11.     On April 8, 2017, after LINN's arrest, Agents and Officers executed a search warrant at Robert LINN Sr.'s residence located at 1257 6th Avenue Northwest, Great Falls, Montana. LINN Jr. agreed to talk to agents and officers after law enforcement advised him of his rights according to *Miranda*. During the course of this search, LINN provided law enforcement the code to a safe located in the garage of the residence. Pursuant to the search of the safe located in the garage, agents located approximately 10 pounds of a substance that tested positive for methamphetamine. In total, agents seized over 11 pounds of a substance that field tested positive for methamphetamine at the home. LINN also showed agents and officers where he maintained copies of ledgers, which included receipts, above

5

the drop ceiling of a room located in the basement of the residence. Agents and officers looked in the drop ceiling while LINN was present, but they were unable to locate the ledgers. Agents and officers continued their search of the drop ceiling later in the evening when LINN was not present. At that time, agents and officers located a bundle of paperwork up in the drop ceiling near where LINN had attempted to show law enforcement earlier. In addition, agents and officers located large amounts of US currency and firearms above the ceiling tiles of the same room. Agents secured all of these items as evidence.

12.    Altogether, law enforcement has seized approximately 15 pounds of methamphetamine that is believed to have originated with the shipment described in paragraph 8. Based on this information, investigators believe there may still be approximately 10 to 15 pounds of methamphetamine that has not yet been recovered.

13.    On April 19, 2017, your affiant further examined copies of the contents of the bundle of paperwork described in paragraph 11. In this paperwork, your Affiant identified bank deposit slips associated with deposits made at Wells Fargo Bank. Your affiant previously identified in the investigation that cash deposits, generally around $8000, had been deposited from Wells Fargo locations in Great Falls into an account in Arizona. In addition, on December 9, 2016, Russell Country Drug Task Force Agents followed a vehicle driven by Robert

6

LINN Jr. to the Wells Fargo Bank located on 10th Avenue South in Great Falls, Montana. Melanie EGLI, who during the course of this investigation has been identified as an associate of LINN, entered the bank and came back out a short time later. Surveillance footage of the transaction clearly shows EGLI retrieving a stack of cash from her purse and handing it to the teller.

14. Further detail of the deposit slips seized from Linn's parents' house are outlined below:

**Deposit slips:**

| Transaction # | Date | Time | Amount | Account Number |
|---|---|---|---|---|
| 036 0063 | 8/29/2016 | 1:59 PM | $8,000.00 | XXXXX5389 |
| 075 0109 | 9/1/2016 | 4:18 PM | $8,000.00 | XXXXX5389 |
| 115 0131 | 9/1/2016 | 3:53 PM | $6,600.00 | XXXXX7732 |
| 099 0111 | 9/1/2016 | 2:17 PM | $8,500.00 | XXXXX6098 |
| 061 0092 | 9/1/2016 | 2:27 PM | $8,500.00 | XXXXX9553 |
| 069 0077 | 9/1/2016 | 12:55 PM | $8,500.00 | XXXXX3873 |
| 062 0086 | 9/16/2016 | 4:14 PM | $8,500.00 | XXXXX4547 |
| 146 0190 | 9/16/2016 | 4:57 PM | $8,700.00 | XXXXX6396 |
| 041 0045 | 9/17/2016 | 2:01 PM | $5,000.00 | XXXXX4547 |
| 072 0093 | 9/19/2016 | 3:15 PM | $7,800.00 | XXXXX6396 |
| 085 0108 | 9/23/2016 | 1:57 PM | $5,000.00 | XXXXX6396 |
| 043 0067 | 10/7/2016 | 1:48 PM | $8,500.00 | XXXXX4521 |
| 054 0070 | 10/8/2016 | 12:30 PM | $8,500.00 | XXXXX6630 |
| 009 0012 | 10/10/2016 | 12:54 PM | $8,000.00 | XXXXX3363 |
| 022 0033 | 10/10/2016 | 12:48 PM | $8,000.00 | XXXXX0186 |
| 049 0055 | 12/1/2016 | 2:23 PM | $6,000.00 | XXXXX0186 |
| 041 0047 | 12/2/2016 | 12:39 PM | $8,000.00 | XXXXX3475 |
| 036 0047 | 12/8/2016 | 3:58 PM | $8,500.00 | XXXXX5171 |
| 037 0054 | 12/8/2016 | 4:13 PM | $8,500.00 | XXXXX7697 |
| 046 0059 | 12/8/2016 | 2:57 PM | $8,500.00 | XXXXX3363 |

| 055 0073 | 12/8/2016 | 3:56 PM | $8,500.00 | XXXXXX3719 |
| 031 0038 | 12/8/2016 | 3:03 PM | $8,500.00 | XXXXXX3475 |
| 071 0099 | 12/8/2016 | 2:47 PM | $8,500.00 | XXXXXX2781 |
| 049 0054 | 12/9/2016 | 1:01 PM | $8,500.00 | XXXXXX6098 |
| 035 0057 | 12/9/2016 | 4:16 PM | $3,000.00 | XXXXXX3230 |
| 053 0061 | 12/17/2016 | 12:47 PM | $8,500.00 | XXXXXX2781 |
| 037 0055 | 12/17/2016 | 11:59 AM | $8,500.00 | XXXXXX3475 |
| 006 0009 | 12/19/2016 | 12:52 PM | $1,500.00 | XXXXXX0757 |
| 052 0068 | 12/19/2016 | 12:52 PM | $8,500.00 | XXXXXX3719 |
| 009 0015 | 12/19/2016 | 10:52 AM | $8,500.00 | XXXXXX5171 |
| 035 0053 | 12/22/2016 | 2:28 PM | $1,500.00 | XXXXXX0186 |
| 012 0014 | 12/22/2016 | 2:34 PM | $8,500.00 | XXXXXX3475 |

15.     Agents conducted further examination of the contents of the bundle seized from LINN's parents' home. Agents found, what appears to be, a drug ledger of money owed with various names and numbers which appear to depict money amounts.

16.     Within the bundle of documents, agents also found a hand written receipt dated December 8, 2016, reference # 784218, for $550, received from James Stang for storage #33. The receipt stated, "From February 28, 2017 to December 28, 2017, Due 1/28/18." The signature on the receipt appears to be "Norma Vernoy". No further information identifying the storage unit business name or location was found on the document.

17.     Early on in the investigation, the Russell Country Drug Task force identified Leonard James STANG as an associate in LINN's drug trafficking organization. Law enforcement also conducted numerous controlled purchases of

8

methamphetamine from STANG.  Surveillance of STANG prior to several of these controlled purchases identified STANG leaving Robert LINN Jr.'s residence immediately prior to conducting the transaction.

18.     On April 19, 2017, based on identifying the name Norma Vernoy on the receipt, your Affiant ran a report on this name and found an individual identified as Norma Vernoy who lives in Great Falls, Montana, and is associated with the address 2531 Vaughn Road, Apt 7, Great Falls, MT 59404.  Your affiant drove by the address and noted there is a storage unit complex that is part of an adjacent motel/apartment complex called Evergreen Storage Units and Apartment Rentals.  There was a storage unit identified with a "33" marked on the roll up door.  The unit had a padlock on the door.

19.     According to the website "Mapquest," the storage unit described above is approximately 2 minutes or 1.2 miles from 1257 6th Avenue NW, Great Falls, Montana, where the receipt was found during the search warrant.

20.     On April 19, 2017, your affiant requested information from the state of Montana regarding Ms. Vernoy's employment in an attempt to confirm that the receipt for the storage unit is indeed the correct location.  On April 20, 2017, your affiant received information from the state of Montana verifying that Norma Vernoy was employed by the Evergreen Motel through December 2016.

21.     On April 20, 2017, your affiant received a report from the Russell Country Drug Task Force, which identified a call made from the Cascade County Detention Facility on April 9, 2017. This call was between Robert LINN Jr., an inmate at Cascade County Detention Center, and Cari MARTIN. During this call, LINN also spoke with Leonard STANG, and advised STANG that he (LINN) is in bad shape and does not want to see STANG get into trouble. All phone calls and visitations at the Cascade County Detention Facility are recorded and made available to law enforcement except for those considered privileged (lawyer/client, doctor, etc.)

22.     Also in the report provided by the Russell Country Drug Task Force were details from a jail visit conversation between LINN and his sister, Valery Van-Y. While discussing LINN's property, and what to do with it (personal belongings), LINN implied that he has a storage unit and for Van-Y to cut off his padlocks and put a new one on. LINN stated that it was good for a year.

23.     On April 20, 2017, your affiant served a controlled substance subpoena in person to the Evergreen Storage Units and Apartment Rentals. The person at the front desk who assisted with retrieving information was identified as Norma Vernoy. Ms. Vernoy confirmed that unit #33 of the storage units at Evergreen Storage Units and Apartment Rentals was currently being rented by James STANG. She further stated he started renting the unit in August 2016. Ms.

10

Vernoy further stated STANG provided an address of 402 2nd Avenue South, Great Falls, Montana, and a contact number of 406-364-9816. Previous investigation identified a phone number belonging to Leonard James STANG as 406-564-9816. Agents believe that Evergreen Storage Units inadvertently wrote down the wrong number for STANG by one digit.

24.     On April 20, 2017, your affiant received information from the Russell Country Drug Task Force regarding a previous interview of an individual identified as Christine BECK. The interview was conducted on June 16, 2016. BECK stated she had previously purchased approximately one or two pounds of methamphetamine over a one year period from Myron BROWN. BROWN has admitted through previous interviews with law enforcement that he was dealing ounce quantities of methamphetamine for Robert LINN Jr. on a weekly basis. BECK further stated she met LINN through BROWN. During this interview, BECK also stated that LINN would provide her with a list of items he wanted BECK to steal from area stores. Upon receipt of the stolen merchandise, LINN would exchange the merchandise with BECK for drugs.

25.     Based on the information provided, the items seized from the search warrant executed at the residence associated with LINN, and the information obtained throughout this investigation, I believe there is probable cause that other evidence, possibly but not limited to controlled substances, firearms, and monetary

11

instruments, may be located in storage unit #33 of the Evergreen Storage Units and Apartment Rentals, located at 2531 Vaughn Road, Great Falls, MT 59404.

## CONCLUSION

Based on the foregoing information, and my training and experience and knowledge of the facts of this case, and discussions with other law enforcement officers involved in this case, there is probable cause to believe that conspiracy to possess with intent to distribute or distribute controlled substances such as, but not limited to, methamphetamine, in violation of 21 U.S.C. §§ 846 and 841 (a)(1); the use of wire facilities to facilitate the conspiracy in violation of 21 U.S.C. § 843(b); money laundering and conspiracy to do the same in violation of 18 U.S.C. §§ 1956 and 1957; and felon in possession of a firearm in violation of Title 18 U.S.C. § 922(g)(1); and the use of a firearm in furtherance of federal crime of violence (drug trafficking) in violation of Title 18 U.S.C. § 924(c)(1)(A) have been violated, and that the property, evidence, fruits and instrumentalities of these offenses, more fully described in Attachment B of this Affidavit, are located in storage unit #33 of the Evergreen Storage Units and Apartment Rentals, located at 2531 Vaughn Road, Great Falls, MT 59404. Wherefore, I respectfully request that a search warrant be issued allowing law enforcement agents to search storage unit #33 of the Evergreen Storage Units and Apartment Rentals, located at 2531 Vaughn Road, Great Falls, MT 59404.

12

Jason Laws, Special Agent
Homeland Security Investigations


SUBSCRIBED and SWORN to before me this 20th day of April 2017.

HON. JOHN T. JOHNSTON
United States Magistrate Judge
District of Montana

13